<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NAZIR DAGHESTANI, : | |
| : | |
| Plaintiff, : | Civil Action No. 06-279 (SRC) |
| : | |
| v. : | **OPINION** |
| : | |
| JO ANNE B. BARNHART, : | |
| COMMISSIONER OF SOCIAL : | |
| SECURITY, : | |
| : | |
| Defendant. : | |

**<u>Chesler, District Judge</u>**

This matter comes before the Court on the appeal by Plaintiff Nazir Daghestani ("Daghestani"), of the final decision of the Commissioner of Social Security ("Commissioner") determining that he is not eligible for Social Security Disability Benefits under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Cɪᴠ. R. 9.1(b), finds that the Commissioner's decision is supported by substantial evidence and is hereby **AFFIRMED**.

**I.  BACKGROUND**

The following facts are undisputed. Daghestani was born in Syria in 1945. He reports that he has attained an educational level of two years of college. He has worked as a molding machine mechanic and jeweler. On March 16, 2004, he filed an application for Social Security Disability Insurance Benefits, alleging disability since June 30, 1996 due to back problems.

Plaintiff subsequently amended his disability onset date to September 27, 2000 and added allegations of arthritis in his hands and vision problems.

Plaintiff's claims were denied by the Commissioner initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before Administrative Law Judge Joel H. Friedman (the "ALJ") on April 15, 2005, who denied Plaintiff's claim in an unfavorable decision issued September 23, 2005. After the Appeals Council denied Plaintiff's request for review of the ALJ's decision, that decision became final as the decision of the Commissioner of Social Security. On January 20, 2006, Plaintiff filed the instant appeal of the Commissioner's decision.

## II. DISCUSSION

A.  Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). This Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

The reviewing court is not "empowered to weigh the evidence or substitute its

conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom. Williams v. Shalala, 507 U.S. 924 (1993) (citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984)).  If the ALJ's findings of fact are supported by substantial evidence, this Court is bound by those findings, "even if [it] would have decided the factual inquiry differently." Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001); see also Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

In determining whether there is substantial evidence to support the Commissioner's decision, the reviewing court must consider: "(1) the objective medical facts; (2) the diagnoses and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; (4) the claimant's educational background, work history and present age." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1973).  "The presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." Sassone v. Comm'r of Soc. Sec., 165 Fed. Appx. 954, 955 (3d Cir. 2006) (citing Blalock, 483 F.2d at 775).

B.   Standard for Awarding Benefits Under the Act

The claimant bears the initial burden of establishing his or her disability.  42 U.S.C. § 423(d)(5).  To qualify for DIB or SSI benefits, a claimant must first establish that he is needy and aged, blind, or "disabled."  42 U.S.C. § 1381.  A claimant is deemed "disabled" under the Act if he is unable to "engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §

423(d)(1)(A); see also Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987). Disability is predicated on whether a claimant's impairment is so severe that he "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). Finally, while subjective complaints of pain are considered, alone, they are not enough to establish disability. 42 U.S.C. § 423(d)(5)(A). To demonstrate that a disability exists, a claimant must present evidence that his or her affliction "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically accepted clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

C.   The Five-Step Evaluation Process

Determinations of disability are made by the Commissioner, pursuant to the five-step process outlined in 20 C.F.R. § 404.1520. The claimant bears the burden of proof at steps one through four. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

At the first step of the evaluation process, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity.[1] 20 C.F.R. § 404.1520(b). If a claimant is found to be engaged in such activity, the claimant is not "disabled" and the disability claim will be denied. Id.; Yuckert, 482 U.S. at 141.

At step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. §§ 404.1520(a)(ii), (c). An impairment is severe if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Id. In determining whether the claimant has a severe impairment, the age, education, and work

---

[1] Substantial gainful activity is "work that involves doing significant and productive physical or mental duties; and is done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

experience of the claimant will not be considered. Id. If the claimant is found to have a severe impairment, the Commissioner addresses step three of the process.

At step three, the Commissioner compares the medical evidence of the claimant's impairment(s) with the impairments presumed severe enough to preclude any gainful work, listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. See 20 C.F.R. § 404.1594(f)(2). If a claimant's impairment meets or equals one of the listed impairments, he will be found disabled under the Social Security Act. If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to step four.

In Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119-20, 120 n.2 (3d Cir. 2000), the Third Circuit found that to deny a claim at step three, the ALJ must specify which listings[2] apply and give reasons why those listings are not met or equaled. In Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004), however, the Third Circuit noted that "Burnett does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of Burnett is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." (Id.) An ALJ satisfies this standard by "clearly evaluating the available medical evidence in the record and then setting forth that evaluation in an opinion, even where the ALJ did not identify or analyze the most relevant listing." Scatorchia v. Comm'r of Soc. Sec., 137 Fed. Appx. 468, 471 (3d Cir. 2005).

Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work. 20 C.F.R. § 404.1520(e). If the claimant is able to perform his past relevant work, he will not be found disabled under the Act. In Burnett, the

---

[2] Hereinafter, "listing" refers to the list of severe impairments as found in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Third Circuit set forth the analysis at step four:

> In step four, the ALJ must determine whether a claimant's residual functional capacity enables her to perform her past relevant work. This step involves three substeps: (1) the ALJ must make specific findings of fact as to the claimant's residual functional capacity; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the residual functional capacity to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

Burnett, 220 F.3d at 120. If the claimant is unable to resume his past work, and his condition is deemed "severe," yet not listed, the evaluation moves to the final step.

At the fifth step, the burden of production shifts to the Commissioner, who must demonstrate that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. 20 C.F.R. §§ 404.1512(g), 404.1560(c)(1). If the ALJ finds a significant number of jobs that claimant can perform, the claimant will not be found disabled. Id.

When the claimant has only exertional limitations, the Commissioner may utilize the Medical-Vocational Guidelines found in 20 C.F.R. Part 404, Subpart P, Appendix 2 to meet the burden of establishing the existence of jobs in the national economy. These guidelines dictate a result of "disabled" or "not disabled" according to combinations of factors (age, education level, work history, and residual functional capacity). These guidelines reflect the administrative notice taken of the numbers of jobs in the national economy that exist for different combinations of these factors. 20 C.F.R. Part 404, Subpart P, Appendix 2, Paragraph 200.00(b). When a claimant's vocational factors, as determined in the preceding steps of the evaluation, coincide with a combination listed in Appendix 2, the guideline directs a conclusion as to whether an

6

individual is disabled. 20 C.F.R. § 404.1569; Heckler v. Campbell, 461 U.S. 458 (1983). The claimant may rebut any finding of fact as to a vocational factor. 20 C.F.R. Part 404, Subpart P, Appendix 2, Paragraph 200.00(b).

Additionally, pursuant to 42 U.S.C. § 423(d)(2)(B), the Commissioner, in the five-step process, "must analyze the cumulative effect of the claimant's impairments in determining whether she is capable of performing work and is not disabled." Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999). Moreover, "the combined impact of the impairments will be considered throughout the disability determination process." 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 1523. However, the burden still remains on the Plaintiff to prove that the impairments in combination are severe enough to qualify him for benefits. See Williams v. Barnhart, 87 Fed. Appx. 240, 243 (3d Cir. 2004) (placing responsibility on the claimant to show how a combination-effects analysis would have resulted in a qualifying disability).

While Burnett involved a decision in which the ALJ's explanation of his step three determination was so inadequate as to be beyond meaningful judicial review, the Third Circuit applies its procedural requirements, as well as their interpretation in Jones, to every step of the decision. See, e.g., Rivera v. Commissioner, 164 Fed. Appx. 260, 262 (3d Cir. 2006). Thus, at every step, "the ALJ's decision must include sufficient evidence and analysis to allow for meaningful judicial review," but need not "adhere to a particular format." Id.

D.   The ALJ's decision

In brief, the issue before the ALJ was whether Plaintiff was disabled under the Social Security Act from September 27, 2000, his claimed date of onset of disability, through December 31, 2001, his date last insured. The ALJ examined the record and determined that: 1) at step one, Plaintiff had not engaged in substantial gainful activity since the date of onset; 2) at step two,

Plaintiff's condition after his back surgery was "severe" within the meaning of the Regulations; 3) at step three, Plaintiff's impairments did not meet or equal an impairment in the Listings; and 4) at step four, the Plaintiff retained the residual functional capacity to perform his past relevant work. The ALJ concluded that Plaintiff was not under a disability as defined in the Social Security Act.

      E.      Plaintiff's Appeal

Plaintiff contends that the ALJ's decision should be reversed because: 1) the ALJ failed to evaluate or explain the weight given to the opinions of Dr. Carpenter and Dr. Yazgi; 2 ) the ALJ failed to accept the conclusions of treating physicians; and 3) the ALJ failed to show "a reasonable availability of jobs which this particular claimant is capable of performing." (Pl.'s Br. 9.)

Plaintiff's first argument is not supported by the plain language of the ALJ's decision. The ALJ explained clearly the weight he gave to the opinions of Drs. Carpenter and Yazgi. As to Dr. Carpenter, the ALJ wrote: "Dr. Carpenter's opinion is of little value as he predicts only a three month disability period in essence based upon the time for recovery from back surgery in September. He does not predict a twelve month disability duration. . ." (Tr. 17.) A three-month period of disability is insufficient to qualify under the Act, which requires twelve continuous months. 42 U.S.C. § 423(d)(1)(A). The evidence from Dr. Carpenter thus does not show that Plaintiff met the statutory requirements for a finding of disability.

As to Dr. Yazgi, the ALJ noted that Dr. Yazgi had opined that Plaintiff was totally incapacitated as of December 31, 2002. (Tr. 17.) The ALJ explained that the date last insured was December 31, 2001, and that Dr. Yazgi did not find Plaintiff disabled prior to the date last insured. (Id.) "In order to qualify for benefits, a person must be disabled as defined by the Social

Security Act and its accompanying regulations as of his date last insured." Corley v. Barnhart, 102 Fed. Appx. 752, 754 (3d Cir. 2004). Plaintiff does not dispute that his insured status expired on December 31, 2001. The evidence from Dr. Yazgi thus does not show that Plaintiff met the statutory requirements for a finding of disability prior to his date last insured.

Plaintiff next argues that "if there is no medical evidence contrary to the report of the treating physician, then the ALJ's failure to accept the conclusions of the treating physicians that the claimant is disabled constitutes reversible error." (Pl.'s Br. 7.) This misstates the relevant law, as stated in 20 C.F.R. § 404.1527(d)(2), which sets forth the principles under which the ALJ determines whether a treating physician's opinion should be given controlling weight. As just discussed, Plaintiff's treating physicians did not document a period of twelve continuous months of disability that occurred prior to the date last insured. A finding of disability is a legal determination reserved for the Commissioner, and a medical expert's legal conclusions are not considered a medical opinion. 20 C.F.R. § 404.1527(e). If the medical opinion evidence offered by the treating physicians is not a legally sufficient basis for a conclusion of disability, it cannot control that conclusion. Plaintiff has not shown that the ALJ failed to give proper controlling weight to a relevant medical opinion of a treating physician.

Lastly, Plaintiff contends that the ALJ failed to show reasonable availability of jobs the Plaintiff can perform. Plaintiff has confused step four with step five. At step four, the ALJ found that Plaintiff retained the residual functional capacity to meet the exertional demands of his past relevant work. (Tr. 18.) As such, the analysis ended at step four, and the ALJ did not proceed to step five. 20 C.F.R. § 404.1520(f). Only if the analysis proceeded to step five would the Commissioner have been required to demonstrate that there are jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical

impairments, age, education, past work experience, and residual functional capacity. 20 C.F.R. §§ 404.1512(g), 404.1560(c)(1). Plaintiff has not shown that the ALJ's step four residual functional capacity analysis was in error. The ALJ did not err in ending the analysis at step four.

This Court has reviewed the ALJ's decision and the record it is based on. In a nutshell, the ALJ examined the medical evidence for the fifteen-month period at issue and concluded that Plaintiff retained the residual functional capacity to perform sedentary work. Plaintiff has pointed to no evidence that contradicts this conclusion. The ALJ's decision was supported by substantial evidence and will be affirmed.

### III.  CONCLUSION

For the reasons stated above, this Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.


Dated: March 13, 2007

                                          s/ Stanley R. Chesler
                                       STANLEY R. CHESLER, U.S.D.J.